IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RASHAD C. LEE, # 213823,       )
                                  )
           Petitioner,        )
                                  )
     v.                   )      Civil Action No. 2:19cv472-WKW
                                  )             (WO)
GWENDOLYN GIVENS, *et al.*,   )
                                  )
           Respondents.     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

Before the court is Alabama inmate Rashad C. Lee's self-styled motion for relief from judgment under Rules 60(b)(4) and 60(d)(1)(3) of the Federal Rules of Civil Procedure. Doc. # 1. By his motion, Lee challenges his guilty plea conviction for murder entered in the Circuit Court of Bullock County in November 2000. He is serving a life sentence for that conviction.

This court's records reflect that Lee has filed several prior petitions for habeas corpus relief under 28 U.S.C. § 2254 challenging his murder conviction and life sentence. Lee filed the first such § 2254 petition in this court on September 30, 2005. *See Lee v. Mitchem,* Civil Action No. 2:05cv968-WKW (M.D. Ala. 2006). In that action, this court denied Lee relief and dismissed his claims with prejudice, finding his petition to be time-barred under 28 U.S.C. §2244(d). *Id*., Docs. # 22, 26 & 27.

Lee filed a second § 2254 petition in this court challenging his murder conviction and life sentence on March 19, 2009. *See Lee v. Giles*, Civil Action No. 2:09cv234-TMH

(M.D. Ala. 2009). This court dismissed that petition under the provisions of 28 U.S.C. § 2244(b)(3)(A), because it constituted a second or successive habeas petition filed without the required authorization from the Eleventh Circuit Court of Appeals. *Id.*, Docs. # 5, 12 & 13.

Lee filed a third habeas petition in this court on July 22, 2013. *See Lee v. Estes,* Civil Action No. 2:13cv797-WHA (M.D. Ala. 2013). Although Lee styled that petition as one for relief under 28 U.S.C. § 2241, this court construed the petition as one filed under § 2254, because it attacked Lee's murder conviction and life sentence. The court then dismissed that petition under the provisions of § 2244(b)(3)(A), because it constituted a successive habeas petition filed without the required authorization of the Eleventh Circuit Court of Appeals. *Id.*, Docs. # 3, 5 & 6.

For the reasons that follow, the Magistrate Judge finds that Lee's instant motion for relief from judgment under Rules 60(b)(4) and 60(d)(1)(3) of the Federal Rules of Civil Procedure constitutes yet another successive petition for habeas corpus relief under 28 U.S.C. § 2254, which should be summarily dismissed because Lee has not obtained the required appellate court authorization to file a successive habeas application.

## II.   DISCUSSION

According to Lee, he is seeking relief under Rules 60(b)(4) and 60(d)(1)(3) of the Federal Rules of Civil Procedure.[1] "Federal Rule of Civil Procedure 60 provides a basis,

---

[1] Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case. Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; *(4) the judgment is void*; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason

but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* Fed.R.Civ.P. 1. Rule 60 provides no vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

When a *pro se* inmate, like Lee, brings a motion under Rule 60, the district court may appropriately construe it as a 28 U.S.C. § 2254 habeas petition, and, if applicable, treat it as an unauthorized second or successive petition. *See Williams*, 510 F.3d at 1293–95. If construed as a second or successive petition, the district court lacks subject matter jurisdiction on the merits of any claims in the petition. *Id*. at 1295.

In *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005), the Supreme Court provided guidance on how prisoner claims in a Rule 60 motion should be construed where the prisoner has filed a previous § 2254 petition that has been denied. If the nominal Rule 60 motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any previous § 2254 claims on the merits, then the court should construe the Rule 60 motion as a second or successive § 2254 petition attacking the conviction and sentence, and dismiss it accordingly. *Id*.; *see also Williams*, 510 F.3d at 1293–94. By contrast, when a Rule 60 motion attacks some defect in the integrity of the prior federal habeas proceedings, courts should not treat the

---

justifying relief from the operation of the judgment. Federal Rule of Civil Procedure 60(d)(1)(3) permits a litigant to bring an action to set aside a final judgment in a civil case "for fraud on the court."

Rule 60 motion as a successive § 2254 petition. *Gonzalez*, 545 U.S. at 532–33; *see also Williams*, 510 F.3d at 1294. Such motions can be ruled on by the district court without the precertification from the court of appeals ordinarily required for a second or successive § 2254 petition. *Gonzalez*, 545 U.S. at 538.

In his instant motion, Lee argues that he was indicted for intentional murder under § 13A-6-2(a)(1), Ala. Code 1975, but the trial court accepted his guilty plea to the "nonexistent offense" of first-degree murder. Doc. # 1 at 2–7. Therefore, he says, his conviction and sentence are void. *Id*. Relatedly, Lee asserts that the transcript of his guilty plea colloquy included in the record on his direct appeal was falsified by state officers. *Id*. at 19–23. The grounds asserted by Lee challenge the validity of his state conviction and sentence. They do not point to or allege a defect in the integrity of this court's prior judgment denying his original § 2254 petition. Because Lee only asserts claims attacking his conviction and sentence, this court must construe his self-styled Rule 60 motion as a successive § 2254 petition. *See Gonzalez*, 545 U.S. at 531–32.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C. § 2244(b)(3)(B) & (C).

Lee's instant § 2254 petition is a successive petition subject to the limitations of § 2244(b). Lee furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Lee] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals

---

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, this case is due to be summarily dismissed. *Id*. at 934.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) because Lee has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before July 22, 2019, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)

(en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 8th day of  July, 2019.


   /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE